## King *v.* McKinstry, Appellant.

*Contract—Claim for services—Testamentary writing—Verdict—Amount —Sealed verdict.*

A paper signed by a decedent and given to his daughter was as follows: "Jan. 4th, '97, This I do write so as all can see when I am gone, that I want mistress Eunis King paid for work done here according to my promise and agreement with her. I do fix the price at seventy-five cents per week." *Held*, that the paper was not testamentary in character.

In a suit brought on the above paper, the jury sealed a verdict generally for plaintiff. When the sealed verdict was opened, the court directed the jury to fix the amount definitely. They thereupon rendered a verdict as follows: "And now, to wit: 1905, we, the jurors empaneled in the above-entitled case, find a verdict in favor of plaintiff as follows: $1.50 per week for the last six years preceding the death of William McKinstry. Total amount $468." Judgment was entered on the verdict. On appeal plaintiff's counsel admitted that plaintiff was only entitled to compensation at the rate of seventy-five cents per week, and requested the court to reduce the amount to $234. *Held*, (1) that the court below had not exceeded its authority in requiring the verdict to be made certain by fixing the amount; and (2) that the appellate court had the power to reduce the amount to $234, and affirm the judgment.

Argued May 14, 1906. Appeal, No. 86, April T., 1906, by defendant, from judgment of C. P. Armstrong Co., March T., 1905, No. 6, on verdict for plaintiff in case of Eunice T. King v. S. T. McKinstry, Administrator c. t. a. of Estate of William McKinstry, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for services. Before PATTON, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $468. Defendant appealed.

*Errors assigned* among others were (7) in admitting in evidence the paper quoted in the opinion of the Superior Court; (6, 9) in directing the jury to fix a definite amount for their verdict, and in entering judgment on the verdict as finally returned by the jury.

*Harvey L. Miller*, with him *James W. King*, for appellant.

*Alfred M. Lee*, with him *Floy C. Jones*, for appellee.

OPINION BY BEAVER, J., October 5, 1906:

The claim of the plaintiff for compensation for services rendered to her father in his lifetime rested, for the most part, upon a paper writing, of which the essential part is: " Jan. 4th, '97, This I do write so as all can see when I am gone, that I want mistress Eunis King paid for work done here according to my promise and agreement with her. I do fix the price at seventy-five cents per week."

This paper was attacked on two grounds: first, that it was a forgery, and, second, that it was a testamentary writing. The first was a question for the jury under the instructions of the court, which, after reading the testimony, we are satisfied were fully and fairly given ; the second, for the court.

The jury found in favor of the genuineness of the writing and the court decided that it was not testamentary. We are not disposed to find fault with either of these conclusions.

The jury reached a conclusion during the night, sealed their verdict and brought it in the next morning. Upon opening, it

was found to be a general finding in favor of the plaintiff. The court sent the jury out to fix definitely the amount. Upon their return, they rendered the following verdict: "And now, to wit: 1905, we, the jurors empaneled in the above-entitled case, find a verdict in favor of plaintiff as follows: $1.50 per week for the last six years preceding the death of William McKinstry. Total amount, $468."

The appellant complains that the court exceeded its authority in submitting to the jury the question of the amount of their verdict after they had separated and brought in their sealed verdict. There is nothing substantial in this objection. The court not only did not exceed its authority, but acted in the discharge of a plain duty in requiring the verdict to be made certain by fixing the amount. The only tribunal which could fix it, under the circumstances, was the jury.

The fair interpretation of the verdict is that the plaintiff had a right to recover only for six years of service and that the claim for services for the period prior thereto was barred by the statute of limitations, that question having been submitted to the jury by the court.

In view of the fact that the paper upon which the plaintiff's claim was founded fixed the value of the services at seventy-five cents per week and that there could be no claim outside of the paper itself, the jury was clearly in error in fixing the value of the services at $1.50 per week. There is substantial merit, therefore, in the ninth assignment of error, which is: "That the court erred in accepting and entering judgment on the verdict of the jury." But inasmuch as the counsel of the appellee have made a specific request in their paper-book that—"Plaintiff, in view of the fact that a paper written by the foreman of the jury has been placed in evidence, showing that the jury found a verdict for six years' services at the rate of $1.50 per week, or $468, requests that the verdict be reduced by your honorable court to $234, being at the rate of seventy-five cents per week for six years, together with interest at six per cent since Dec. 11, 1902," it is not necessary to reverse the judgment in order to reach a proper conclusion. Inasmuch, however, as the jury did not allow interest from the date of the death of the defendant's testator, we will not depart from the letter of the verdict in making such an allowance.

Judgment is, therefore, now directed to be entered in favor of the plaintiff and against the defendant for $234, with interest from September 6, 1905, the date of the rendition of the verdict, the costs in this court to be paid by the appellee.